**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROSARIO D. FLORES, | ) Case No. 2:12-cv-02192-RFB-CWH |
| Plaintiff, | ) |
| vs. | ) **FINDINGS AND RECOMMENDATION** |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Rosario D. Flores' application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act. 42 U.S.C. Ch. 7. Before the Court is Plaintiff's Motion for Reversal/Remand (#8)[1], filed on May 13, 2013, the Commissioner's Opposition (#10), filed on July 12, 2013, and Plaintiff's Reply (#12), filed on July 29, 2013. This action was referred to the undersigned Magistrate Judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C)) and Local Rule IB 1-4.

**BACKGROUND**

**I.    Procedural History**

On November 2, 2009, Plaintiff protectively filed an application for a period of disability and disability insurance benefits alleging she became disabled on September 30, 2007. (A.R. 109-112.)[2] Her claim was denied initially on March 1, 2010 and upon reconsideration on April 26, 2010. (A.R. 52-56, 60-62.) On August 16, 2011, Plaintiff and her representative appeared for a hearing before Administrative Law Judge ("ALJ") Norman L. Bennett. (A.R. 31-51.) On September 9, 2011, the

---

[1] Refers to the Court's docket number.

[2] A.R. refers to the Administrative Record in this matter. (Notice of Manual Filing #6.)

ALJ issued an unfavorable decision finding the Plaintiff has not been under a disability, as defined in the Social Security Act, from September 30, 2007 through the date of the decision. (A.R. 19-30.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on September 26, 2012. (A.R. 4-9.) On December 24, 2012, Plaintiff timely commenced this action for judicial review pursuant to 42 U.S.C. § 405(g) after receiving an extension to time on November 26, 2012 from the Appeals Counsel. (Compl. #1; A.R. 1-3.)

**II.     The ALJ Decision**

The ALJ followed the five-step sequential evaluation process set forth at 20 C.F.R. § 404.1520 and issued an unfavorable decision on September 9, 2011. (A.R. 19-30.) At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2012 and has not engaged in substantial gainful activity ("SGA") from since September 30, 2007, the alleged onset date. (A.R. 23, Findings 1-2.) At step two, the ALJ found that Plaintiff has the following severe impairments: seizure disorder with occasional right side numbness and memory loss, controlled by medication, and headaches. (A.R. 24, Finding 3.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, including listing 11.03. (A.R. 24, Finding 4.)

The ALJ found Plaintiff capable of performing a residual functional capacity ("RFC") for the full range of work at all exertional levels with a nonexertional limitation to not working around hazards due to possible seizures. (A.R. 24, Finding 5.) The ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms not fully credible. (A.R. 25.) At step four, the ALJ found Plaintiff capable of performing her past relevant work ("PRW") as a salesperson and cashier as they were actually performed and as they are generally performed in the national economy. (A.R. 26, Finding 6.) The ALJ made no alternative step five finding. Based on all of these findings, the ALJ found Plaintiff not disabled and denied her application for a period of disability and disability insurance benefits.

**DISCUSSION**

**I.     Judicial Standard of Review**

1	The court reviews administrative decisions in social security disability benefits cases under 42
2	U.S.C. § 405(g).  *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  Section 405(g) states,
3	"Any individual, after any final decision of the Commissioner of Social Security made after a hearing
4	to which he was a party, irrespective of the amount in controversy, may obtain a review of such
5	decision by a civil action . . . brought in the district court of the United States for the judicial district
6	in which the plaintiff resides."  The court may enter, "upon the pleadings and transcripts of the
7	record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social
8	Security, with or without remanding the cause for a rehearing."  *Id.*  The Ninth Circuit reviews a
9	decision of a District Court affirming, modifying or reversing a decision of the Commissioner *de*
10	*novo*.  *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

11	The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42
12	U.S.C. § 405(g); see also *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005).  However, the
13	Commissioner's findings may be set aside if they are based on legal error or not supported by
14	substantial evidence.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see*
15	*also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  The Ninth Circuit defines substantial
16	evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as
17	a reasonable mind might accept as adequate to support a conclusion."  *Andrews v. Shalala*, 53 F.3d
18	1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005).  In
19	determining whether the Commissioner's findings are supported by substantial evidence, the court
20	"must review the administrative record as a whole, weighing both the evidence that supports and the
21	evidence that detracts from the Commissioner's conclusion."  *Reddick v. Chater*, 157 F.3d 715, 720
22	(9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

23	Under the substantial evidence test, the Commissioner's findings must be upheld if supported
24	by inferences reasonably drawn from the record.  *Batson*, 359 F.3d at 1193.  When the evidence will
25	support more than one rational interpretation, the court must defer to the Commissioner's
26	interpretation.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Flaten v. Sec'y of*
27	*Health and Human Serv.,* 44 F.3d 1453, 1457 (9th Cir. 1995).  Consequently, the issue before the
28	court is not whether the Commissioner could reasonably have reached a different conclusion, but

whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

## II. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The first step requires the ALJ to determine whether the individual is currently engaging in SGA. 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[3] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's RFC. 20 C.F.R. § 404.1520(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence such as, all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's

---

[3] SSRs constitute SSA's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the RFC to perform her PRW. 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. § 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

### III. Analysis and Findings

Plaintiff seeks reversal of the ALJ's decision for several reasons. First, Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence because it failed to properly consider all of the opinion evidence. Specifically, Plaintiff highlights the seizure questionnaire completed by physician assistant Dave Uppal, P.A.C. ("Uppal"), who opined that Plaintiff's seizures occurred twice a month and would cause her to miss three days per month. Further, Plaintiff notes that the ALJ misstated that Gobinder Chopra, M.D. ("Dr. Chopra") completed the questionnaire instead of Uppal. Second, Plaintiff claims that the ALJ improperly discredited her testimony regarding her symptoms, pain, and limitations. She contends that the ALJ's credibility finding is not supported by sufficient reasons. Further, Plaintiff raises a new argument in her reply brief that she is entitled to a closed

period of benefits due the number of seizures she experienced.

In response, the Commissioner contends that the ALJ's decision to afford little weight to Uppal's opinion, despite misstating it as an opinion by Dr. Chopra, is supported by substantial evidence. The Commissioner claims that an opinion by a physician assistant is not entitled to controlling weight, it was inconsistent with Dr. Chopra's treatment notes, and other evidence of record. Further, the Commissioner argues that the credibility assessment is supported by substantial evidence with specific findings. The Commissioner highlights the ALJ's discussion of Plaintiff's exaggeration of her symptoms, inconsistencies with the medical evidence of record, and minimal effect of the seizure disorder on her activities of daily living.

### A.   Opinion Evidence

Plaintiff contends that Uppal's opinion that Plaintiff would miss three days a month due to the nature and severity of her seizures was not sufficiently addressed by the ALJ. She notes that the ALJ attributed the opinion to Dr. Chopra instead of Uppal. Also, Plaintiff contends that the ALJ failed to explain how the opinion was internally inconsistent and misstated it noting seizures occurring every two months rather than two per month. Further, Plaintiff argues that Uppal's opinion is entitled to be considered as a treating physician opinion despite him being a physician assistant and therefore, remand is warranted to obtain vocational expert testimony at to whether jobs would exist for an individual who would be absent three times a month.

In response, the Commissioner contends that even though the ALJ incorrectly attributed Uppal's opinion to Dr. Chopra, he afforded it more weight than necessary because a physician's assistant is not an acceptable medical source. Also, the Commissioner alleges that the ALJ provided valid reasons to reject the opinion that Plaintiff would miss three days per month, namely, that Dr. Chopra's treatment notes indicate a seizure frequency of every three months. Further, the Commissioner indicates that Plaintiff's seizures were well-controlled by medication, which the ALJ appropriately considered, and there was a gap in time between seizures of about two years around the time of the hearing.

The Court notes that generally, a treating physician's opinion is entitled to more weight than a non-treating physician's opinion because a treating physician is "employed to cure and has a greater

opportunity to know and observe the patient as an individual." *Ramirez v. Shalala*, 8 F.3d 1449, 1453 (9th Cir.1993); *see also* 20 C.F.R. §§ 404.1527 and 416.927. Accordingly, a treating physician's opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with other substantial evidence in the record. *See* SSR 96-2p. If the ALJ declines to award a treating physician's opinion controlling weight and it is not contradicted by another physician, then the ALJ must give clear and convincing reasons for rejecting the uncontradicted opinion. *Thomas*, 278 F.3d at 957. If the ALJ declines to give controlling weight and the treating physician's opinion is contradicted, then the ALJ must provide "specific and legitimate reasons" supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (relying on *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)); *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir.2007) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir.1998)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*, 157 F.3d at 725 (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

However, a treating physician's opinion is not necessarily conclusive on an individual's physical condition or the ultimate issue of disability. *See Magallanes*, 881 F.2d at 751. Additionally, an ALJ is not required to accept a treating physician opinion that is brief, conclusory, and inadequately supported by clinical findings or the record as a whole. *See Batson v. Comm'r of SSA*, 359 F.3d 1190, 1195 (9th Cir. 2004). Nevertheless, the ALJ must weigh a treating physician's opinion using the factors provided by 20 C.F.R. §§ 404.1527 and 416.927 and provide good reasons for the weight given. *See* SSR 96-2p.

Furthermore, only licensed physicians and certain other qualified specialists are considered "[a]cceptable medical sources." 20 C.F.R. § 404.1513(a). Physician's assistants are defined as "other sources," 20 C.F.R. § 404.1513(d), and are not entitled to the same deference, *see* 20 C.F.R. § 404.1527; SSR 06–03p. The ALJ may discount testimony from these "other sources" if the ALJ " 'gives reasons germane to each witness for doing so.'" *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir.2010) (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

First, Plaintiff argues that Uppal's opinion may be considered as a treating physician's opinion despite him being qualified as a physician assistant rather than a licensed physician. The Court accepts this may be true if Uppal worked under Dr. Chopra's close supervision. *See Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir.1996) (holding that a nurse practitioner could be considered a medically acceptable source where she worked under a physician's close supervision such that she acted as the physician's agent). However, Plaintiff did not cite to evidence demonstrating that Dr. Chopra reviewed or approved the opinion, that Uppal signed the opinion as an agent of Dr. Chopra, or otherwise acted upon the direction of Dr. Chopra in issuing the opinion. Nevertheless, this is not a material factor to the Court's analysis because, as the Commissioner highlights, the ALJ attributed Uppal's opinion to Dr. Chopra. As a result, the ALJ considered the opinion as if it were an opinion from an acceptable medical source.

Second, Plaintiff claims that the ALJ's decision to give Uppal's opinion little weight is not supported by substantial evidence. The ALJ explained that he gave little weight because the opinion was internally inconsistent and inconsistent with the record as a whole. For instance, when asked if Plaintiff thought she could do her job forty hours a week, Plaintiff testified, "Yes. I can" and when asked if she thought she would be calling in sick a lot, she stated "I - probably not." (A.R. 45). Also, Dr. Chopra noted on October 22, 2010 and then again on January 12, 2011, that Plaintiff was "having sz's every 3 months." (AR 332,342). The ALJ mistakenly stated that Uppal's opinion noted Plaintiff's seizures as occurring every two months, when he indicated they took place twice per month. However, this does not materially affect the ALJ's finding that Uppal's opinion was inconsistent with the other evidence of record that showed seizure frequency of no more than once a month. (A.R. 24-25). Additionally, the opinion of state agency physician Navdeep Dhaliwal, M.D., found Plaintiff capable of performing a reduced range of light work with no notation of absences from work as a result of Plaintiff's seizure disorder. As a result, the ALJ's attribution of Uppal's opinion to Dr. Chopra is a harmless error. The ALJ would have still needed to consider Uppal's opinion as an opinion from an other medical source and provided specific reasons for discrediting it. *See* SSR 06-03p. His assignment of little weight is supported by specific and legitimate reasons based on the conflict with other objective medical evidence and opinion evidence in the record. Accordingly, the opinion evidence assessment is not a defect that warrants remand.

**B.     Credibility**

Plaintiff contends that the ALJ did not properly assess her subjective symptom testimony. In doing so, Plaintiff alleges that the ALJ failed to provide clear and convincing reasons to find Plaintiff not credible. Plaintiff argues that the ALJ merely discredited her testimony based on medical evidence that revealed that the seizures occurred less frequently than Plaintiff stated. She asserts that the format of the records only show the most recent seizure and that some seizures likely went undocumented by a physician.

In contrast, the Commissioner argues that such conjecture does not substitute for actual evidence nor does it imply ALJ error. Furthermore, the Commissioner claims that Dr. Chopra noted the seizure frequency to be every three months rather than more than once a month as Plaintiff alleged. (A.R. 332, 342.) As such, the Commissioner underscores that it is a legally sufficient reason to discount Plaintiff's testimony regarding the severity of an impairment when it conflicts with the medical evidence.

The Court finds that the ALJ's finding that Plaintiff was not credible with respect to her subjective complaints of symptoms and functional limitations is supported by substantial evidence. The ALJ's assessment of credibility is entitled to "great weight." *Weetman v. Sullivan*, 877 F.2d. 20, 22 (9th Cir. 1989). The ALJ is required to engage in a two-step analysis to evaluate credibility: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, if so with no evidence of malingering, (2) reject the individual's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). To support a finding of less than fully credible, the ALJ is required to point to specific facts in the record that demonstrate that the individual's symptoms are less severe than she claims. *Id.* at 592. "Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (internal quotation marks and citations omitted).

Despite Plaintiff's allegation to the contrary, the ALJ provided clear and convincing reasons

for finding her not credible.  The ALJ did not rely on inconsistent objective medical evidence alone, but rather, addressed some of the seven factors identified in 20 C.F.R. §§ 404.1529(c) and 416.929(c)(3), and SSR 96-7p.  For example, the ALJ addressed the Plaintiff's daily activities.  He noted that her seizures had no effect on her ability to care for herself, she resumed driving, and was working part-time.  The ALJ also noted the frequency and duration of Plaintiff's seizures in that her last big seizure was two years ago and her big seizures were fairly well controlled with medication.  Further, the ALJ considered factors that precipitate and aggravate Plaintiff's symptoms and included an environmental limitation regarding hazards in her RFC.  He also took into account her work history and ability to drive.  Therefore, the Court finds that the ALJ's credibility finding complies with the SSR 96-7p and is supported by substantial evidence.

### C. Closed Period of Benefits

Plaintiff contends that based on her testimony and the medical evidence of record documenting the frequency of her seizures, she is entitled to a closed period of benefits for part of the period at issue.  She cites to a seizure questionnaire that she filled out noting nine seizures in 2009, and two seizures in 2010.  (A.R. 148).  Moreover, Plaintiff alleges that several seizures in 2009 were not recorded by medical professionals that may increase the total of seizures to 18 by April 2010.  As a result, Plaintiff claims that she would not have been able to perform substantial gainful activity for a continuous period of twelve months.  Although this argument was mostly raised for the first time in the reply brief, the Commissioner's response brief notes that the medical evidence of record contradicts Plaintiff's self-reported frequency of seizures.  The Commissioner also alleges that Plaintiff's speculation does not substitute for actual evidence.

The Court notes that an individual is "disabled" for the purpose of receiving benefits under the Act if she is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months.  20 C.F.R. § 404.1505(a).  Further, it is clear that an individual "bears the burden of establishing a prima facie case of disability."  *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir.1995), cert. denied, 517 U.S. 1122 (1996).  Plaintiff cannot establish a disabling level of severity for her seizure disorder based on her self-report of the frequency of the occurrence of seizures in 2009.  *See* SSR 96-4p.  Further, Plaintiff's self-reported frequency conflicts with the medical evidence of record in that Dr. Chopra

11

noted seizures of every three months in 2010 and 2011. Further, the ALJ provided a clear summary of the medical evidence of record including from 2008 through the date of the decision. (A.R. 24-25). Indeed, the ALJ highlighted the fact that Plaintiff stated that she had no seizures since increasing medication in February 2009 and the record did not reveal that seh had monthly seizures or the frequency increased since 2009. (A.R. 24-25). Additionally, the ALJ weighed the state agency physician opinion of Dr. Dhaliwal, who reviewed the medical evidence through February 25, 2010, and did not opine that the frequency of Plaintiff's seizures warranted a finding of disability at step three. Therefore, the Court finds that remand is not warranted for consideration of a closed period of disability benefits due the frequency of Plaintiff's seizures given that the ALJ adequately considered all of the medical evidence of record and the step three finding is supported by substantial evidence.

### IV. Conclusion

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and does articulate sufficient rationale to satisfy the requisite legal standards.

Based on the foregoing and good cause appearing therefore,

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Reversal/Remand (#8) be **denied**.

**IT IS FURTHER RECOMMENDED** that Defendant's Cross-Motion to Affirm (#10) be **granted**.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also

held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 14th day of August, 2014.

                                              _____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**